1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                    FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9   JOSEPH JOHNSON,

10          Plaintiff,                    No. 2:12-cv-2922 AC P

11      vs.

12  E. SANDY, et al.,

13          Defendants.                   <u>ORDER</u>

14  _____/

15          Plaintiff is a state prisoner proceeding pro se pursuant to 42 U.S.C. § 1983.  He

16  has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This

17  proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

18          Pursuant to the order filed on December 10, 2012  (ECF No. 3), plaintiff has

19  submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly,

20  the request to proceed in forma pauperis will be granted.

21          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

22  U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

23  in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

24  direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

25  and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

26  payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

1

account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 566 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

2

1    In reviewing a complaint under this standard, the court must accept as true the

2 allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

3 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

4 doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

5    The complaint states a colorable claim for relief against defendant E. Sandy for

6 retaliation in violation of the First Amendment.  In addition, defendant states a claim for

7 excessive force in violation of the Eighth Amendment against defendant Sandy, as well as

8 against defendants J. Cruzen, E. Cobian, K. Lavagnino, D. Lavergne, pursuant to 42 U.S.C. §

9 1983 and 28 U.S.C. § 1915A(b).

10    Plaintiff, however, fails to state a claim of conspiracy against defendants P. Lahey

11 and G. Shadday.  Plaintiff alleges that after he was subjected to excessive force on June 22, 2012

12 by defendants Sandy, Cruzen, Cobian, Lavagnino and Lavergne, he was taken for treatment of

13 his alleged injuries.  Defendant Registered Nurse (RN) Lahey completed a CDCR 7219 Medical

14 Report of Injury, noting that the area of plaintiff's injuries on the left side of his chest and on his

15 left hand was "'discolored'" and "'swollen.'" After x-rays were taken of his left hand and his

16 chest, plaintiff was brought before defendant Dr. Shadday who, upon examining plaintiff's

17 finger, stated there were no observable injuries to plaintiff's hand or chest.  On June 26, 2012,

18 following an interview regarding plaintiff claims of excessive force used against him on June 22,

19 2012, plaintiff removed his clothing and his injuries were video-taped.  At the medical clinic

20 following the interview, non-party RN Kiesz noted additional injuries to plaintiff on a CDCR

21 7219 form that defendants Lahey and Shadday had failed to document.  Complaint, pp. 6-10.

22    On this basis, plaintiff alleges that defendant Shadday engaged in a cover-up of

23 the evidence of plaintiff's injuries and defendant Lahey failed to fully document plaintiff's

24 extensive injuries because they were engaged in a conspiracy with defendant Sandy and the other

25 defendants to minimize the extent of force used.  Complaint, pp. 12-13.  Vague and conclusory

26 allegations are not sufficient to support a claim for civil rights violations based on conspiracy.

1  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d

2  469, 471 (9th Cir. 1992).  As to his claims of conspiracy, plaintiff must make some showing of

3  an agreement or a meeting of the minds on the part of defendants to violate his constitutional

4  rights.  Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989), citing Fonda v.

5  Gray, 707 F.2d 435 (9th Cir. 1983).  Conspiracy allegations must be supported by material facts

6  and not be merely conclusory statements.  Lockary v. Kayfetz, 587 F. Supp. 631 (N. D. Cal.

7  1984).  Defendants Shadday and Lahey will be dismissed but plaintiff is granted leave to amend.

8          Plaintiff also, under the heading "state tort claims," alleges that defendants

9  violated Cal. Pen. Code § 2650-2652, subjecting him to unauthorized force and cruel and

10  unusual punishment.  He also cites 15 Cal. Code Regs. § 3268 (which sets forth CDCR policy

11  governing the use of force) and § 3268.3 (which provides the use-of-force reporting and

12  investigating requirements for use of force by CDCR staff).  Plaintiff purports to "hold all

13  defendants liable for his pain and suffering."  Complaint, p. 14.  The penal statutes plaintiff cites,

14  however, reference criminal conduct and the state regulations refer to prison policy.  Neither of

15  these serve as the appropriate vehicle for a supplemental state law tort claim against the

16  defendants.  Plaintiff's putative "state tort claims" will be dismissed but plaintiff will be granted

17  leave to amend.

18          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

19  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

20  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

21  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

22  there is some affirmative link or connection between a defendant's actions and the claimed

23  deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

24  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

25  vague and conclusory allegations of official participation in civil rights violations are not

26  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

4

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis is granted;

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's claims against defendants Shadday and Lahey are dismissed, as are plaintiff's purported "state tort claims" for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this Order.  Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

4.  Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants. DATED: March 14, 2013.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
john2922.b1

5