UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JOHNSON,<br><br>   Plaintiff,<br><br>   v.<br><br>E. SANDY, et al.,<br><br>   Defendants. | No.  2:12-cv-2922 JAM AC P<br><br><br>ORDER |

On September 29, 2014, defendants filed a request for reconsideration in part of the magistrate judge's order filed September 15, 2014.  Defendants seek reconsideration of that part of the order requiring defendants to produce documents responsive to the following two requests from plaintiff's first set of requests for production of documents:

> Set One, RFP No. 12: Any and all formal and informal written complaints (including but not limited to CDCR 602 forms) against any defendants, alleging excessive use of force that occurred prior to (June 22, 2012) to the present (including all written responses, appeals, reports, investigations, and/or correspondence regarding the complaints).
>
> Set One, RFP No. 36: Any and all grievances, complaints, or other documents received by defendants, their agents or supervisors at CSP-Solano concerning mistreatment of inmates by defendants: E. Sandy, J. Cruzen, K. Lavagnino, D. Lavergne, E. Cobain, and any memoranda, investigative files, or other documents created in response to such documents since June 22, 2012 to the present.

Order filed September 15, 2014 (ECF No. 61) (quoting ECF No. 56-4 at 8-9, 19-20).  This

request for production of documents was propounded on defendants Cobian, Cruzen, Lavagnino and Lavergne only.  Id. at 19 n.8.  Defendants also seek reconsideration of the magistrate judge's order requiring defendants Cruzen, Lavagnino, Lavergne and Cobian to answer the following interrogatory:

> Set One, INT No. 5:  During your employment as a (CDC) officer have you ever had any 602 complaints filed against you.  If so explain (A) have you ever been accused of excessive force[?]"

Id. at 20-21 (quoting ECF No. 56-4 at 36).  The only answer to this interrogatory required by the magistrate judge is "whether and on how many occasions they have been accused of excessive force in a 602 complaint by inmate(s) other than plaintiff."  Id. at 21.

Defendants contend that "potentially responsive documents and information" ordered produced by the magistrate judge is protected by the official-information privilege.  With respect to the interrogatory answer required by the magistrate judge, the request for reconsideration is denied.  Defendants Cruzen, Lavignino, Lavergne and Cobian will be required to answer this interrogatory and file their answers with the court within fifteen days.  Any defendant whose answer is in the affirmative shall, with the filing of the answer, inform the court in writing how many excessive force 602 complaints against said defendant date from five years prior to June 2012 through the present.  Resolution of the remainder of defendants' request for reconsideration is deferred pending filing of the required answers to this interrogatory.

In accordance with the above, IT IS HEREBY ORDERED that within fifteen days from the date of this order defendants Cruzen, Lavignino, Lavergne and Cobian shall answer interrogatory number 5 of plaintiff's first set of interrogatories in the manner required by the magistrate judge and file their answers with the court.  Any defendant whose answer is in the affirmative shall, with the filing of the answer, inform the court in writing how many excessive force 602 complaints against said defendant date from five years prior to June 2012 through the present.

DATED:  November 21, 2014

/s/ John A. Mendez
UNITED STATES DISTRICT COURT JUDGE