UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JOHNSON, | No. 2:12-cv-2922 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| E. SANDY, et al., | |
| Defendants. | |

On September 29, 2014, defendants filed a motion for reconsideration in part of the magistrate judge's order filed September 15, 2014. (ECF No. 67.)   Plaintiff filed an opposition on October 10, 2014 (ECF No. 77), and defendants filed a reply on October 16, 2014. By this request, defendants sought reconsideration of two parts of the magistrate judge's order, specifically, that part of the order requiring defendants to produce documents responsive to the following two requests from plaintiff's first set of requests for production of documents:

> Set One, RFP No. 12: Any and all formal and informal written complaints (including but not limited to CDCR 602 forms) against any defendants, alleging excessive use of force that occurred prior to (June 22, 2012) to the present (including all written responses, appeals, reports, investigations, and/or correspondence regarding the complaints).
>
> Set One, RFP No. 36: Any and all grievances, complaints, or other documents received by defendants, their agents or supervisors at CSP-Solano concerning mistreatment of inmates by defendants: E. Sandy, J. Cruzen, K. Lavagnino, D. Lavergne, E. Cobain [sic], and

> any memoranda, investigative files, or other documents created in response to such documents since June 22, 2012 to the present.

and that part of the order requiring defendants Cruzen, Lavagnino, Lavergne and Cobian to answer the following interrogatory:

> Set One, INT No. 5: During your employment as a (CDC) officer have you ever had any 602 complaints filed against you. If so explain (A) have you ever been accused of excessive force[?]"

Order filed September 15, 2014 (ECF No. 61) (quoting ECF No. 56-4 at 8-9, 19-20).

Pursuant to an order filed November 21, 2014 (ECF No. 86), defendants Cruzen, Lavignino, Lavergne and Cobian responded to the first set of interrogatories in the manner required by the magistrate judge and filed their answers with the court. (ECF Nos. 90, 91, 92, 93.) Defendants Lavignino, Lavergne and Cobian all responded that there were no allegations of excessive force against them by any inmate other than plaintiff for the relevant time period. See ECF No. 90-1 (Cobian); ECF No. 91-1 (Lavagnino); ECF No. 92-1 (Lavergne). Defendant Cruzen responded that a "diligent and reasonable search" of records from June 2005 to the present revealed one 602 grievance against defendant Cruzen for excessive force against an inmate other than plaintiff. ECF No. 93 at 2. Thereafter, by order filed December 9, 2014 (ECF No. 94), defendant Cruzen was directed to submit to the chambers of the undersigned for in camera review that grievance and all documents associated therewith that are responsive to request nos. 12 and 36 of plaintiff's first request for production of documents.[1] Defendant Cruzen has complied with that order.

The court has conducted an in camera review of the documents provided by defendant Cruzen. The magistrate judge's order to produce responsive documents to plaintiff is grounded in case law that stands for the proposition that complaints of misconduct against defendants in excessive force cases are discoverable if the complaints are similar to the conduct alleged in the complaint on which the federal civil rights action is proceeding, even if the prior complaints are unsubstantiated. *See*, *e.g.*, *Gibbs v. City of New York*, 243 F.R.D. 95, 96 (S.D.N.Y. 2007) (cited

---

[1] In the same order, the court found that the motion for reconsideration was moot as to defendants Lavignino, Lavergne and Cobian. Order filed December 9, 2014 (ECF No. 94) at 3.

1  in ECF No. 61 at 20).  This is because "[e]vidence of prior acts of similar misconduct may be
2  introduced at trial to prove intent."  *Frails v. City of New York*, 236 F.R.D. 116, 117 (E.D.N.Y.
3  2006) (citing Fed. R. Evid. 404(b)).  After in camera review of the documents submitted by
4  defendant Cruzen, the court finds that the complaint made in those documents, which was made
5  four years prior to the incident that is the subject of this action, is not sufficiently similar to the
6  claims raised in the instant action to lead to any evidence admissible at the trial of this matter.
7  For that reason, defendant Cruzen will not be required to produce to plaintiff the documents
8  submitted to this court for in camera review.
9       In accordance with the above, IT IS HEREBY ORDERED that for the reasons set forth in
10  this order and this court's orders filed November 21, 2014 (ECF No. 86) and December 9, 2014
11  (ECF No. 95), defendants' September 29, 2014 motion for reconsideration (ECF No. 67) is
12  granted in part and denied in part.
13  DATED:  December 18, 2014

/s/ John A. Mendez_____
UNITED STATES DISTRICT COURT JUDGE