UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JOHNSON,  Plaintiff,  v.  E. SANDY, et al.,  Defendants. | No. 2:12-cv-02922 JAM AC P  ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On September 15, 2014, the court re-set the dispositive motion deadline to January 23, 2015. ECF No. 61 at 23. Three sets of separately represented defendants filed motions for summary judgment[1] on January 23, 2015. ECF Nos. 105, 106, 124. Plaintiff did not file a summary judgment motion by the deadline. However, on April 13, 2015,[2] the same day he filed his opposition to the defendants' motions for summary judgment, plaintiff filed his own motion for summary judgment. ECF No. 135. Plaintiff's motion comes nearly three months after the deadline set by the court and is not accompanied by a motion for leave to file an untimely motion or any explanation for the excessive delay. Plaintiff's motion for summary judgment will

---

[1] Defendants Hutcheson, DeStefano, and Lahey also moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 106.

[2] The prison mailbox rule was used in determining the filing date. See Houston v. Lack, 487 U.S. 266, 276 (1988).

1

therefore be denied as untimely. However, the court will construe plaintiff's motion as a supplemental opposition to the defendants' summary judgment motions and the court will permit the defendants additional time to file their replies so that they can address both the opposition (ECF No. 134) and supplemental opposition (ECF No. 135).

It has also come to the court's attention that the declarations of defendants Austin (ECF No. 111), Cobian (ECF No. 114), DeStefano (ECF No. 115), Hutcheson (ECF No. 117), Lavagnino (ECF No. 119), Lavergne (ECF No. 120), Shadday (ECF No. 122), and Cruzen (ECF No. 129) are neither sworn nor signed under penalty of perjury. Plaintiff's declaration in support of his motion for summary for summary judgment, now identified as a supplemental opposition, is also unsworn and not signed under penalty of perjury. ECF No. 135 at 13-33. Unsworn declarations not signed under penalty of perjury do not constitute admissible evidence properly considered in ruling on a motion for summary judgment. See 28 U.S.C. § 1746 (unsworn declarations must state that the matters asserted by the declarant are "true under penalty of perjury"). The court will give defendants and plaintiff an opportunity to remedy their defective declarations. The parties may re-submit their declarations, amended to reflect that they are signed under penalty of perjury. It will not be necessary for the parties to resubmit attachments to any of the declarations. Failure to submit an amended declaration signed under penalty of perjury will result in the original declaration being disregarded.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 135) is denied as untimely and construed as a supplemental opposition to the defendants' motions for summary judgment. The Clerk of the Court is directed to update the docket accordingly.

2. Defendants shall have fourteen days from the date this order is filed to file and serve their replies in support of their motions for summary-judgment.

3. Plaintiff and defendants Austin, Cobian, DeStefano, Hutcheson, Lavagnino, Lavergne, Shadday, and Cruzen shall have fourteen days from the filing of this order to file amended declarations signed as true under penalty of perjury. It is not necessary to resubmit any

////

1 | attachments to the declarations.  Failure to comply with this order will result in the original
2 | declaration being disregarded.
3 | DATED: April 23, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE