UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JOHNSON, | No. 2:12-cv-2922 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| E. SANDY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court are plaintiff's motions for leave to conduct additional discovery, to compel, and for appointment of counsel (ECF Nos. 95, 101, 153, 154) and defendants' motions for summary judgment (ECF Nos. 105, 106, 124).

I.   Motion for Leave to Conduct Additional Discovery

Discovery in this matter was closed on June 6, 2014. ECF No. 53 at 5. On September 15, 2014, discovery was re-opened for the limited purpose of resolving pending discovery disputes, with a new deadline of October 23, 2014. ECF No. 61 at 21, 23. On September 22, 2014, plaintiff filed a motion seeking to extend the re-opened discovery deadline to November 22, 2014, so that he could propound additional discovery. ECF No. 69. Plaintiff states in the instant motion for leave to conduct additional discovery that the court has not yet ruled on his previous motion. ECF No. 95. This is not the case. Plaintiff's previous motion was denied on October 6,

1

2014. ECF No. 72. In denying the motion, the court stated that "the discovery deadline was not re-opened for the purpose of engendering a new or additional round of discovery requests by plaintiff or defendants. Because the deadline for propounding additional discovery requests is past and was not extended, it cannot be extended further." ECF No. 72.

The court does not find good cause to re-open discovery for the purpose of propounding additional requests. There is no indication that the proposed requests submitted by plaintiff could not have been submitted during the time originally provided for seeking discovery. Additionally, plaintiff has not established that he has the means to pay for depositions, which seems unlikely as he is proceeding in forma pauperis and recently filed a request for appointment of counsel in which he reiterates his lack of funds (ECF No. 154).

Plaintiff's motion for leave to conduct additional discovery will be denied.

II.     Motions to Compel

Plaintiff has filed a third motion to compel in which seeks to compel further discovery responses from defendant Sandy (ECF No. 101) and a fourth motion to compel the production of various video recordings and photos from defendants represented by Andrea Sloan and the Attorney General's Office[1] (ECF No. 153).

In his third motion to compel, plaintiff claims that his previous motion to compel has not been responded to and that Sandy has failed to comply with the magistrate judge order. ECF No. 101. Although it appears that plaintiff may be alleging that the court has not ruled on his motion, it seems more likely that, in stating his motion to compel has not been responded to, he is claiming that defendant Sandy has not complied with the court's September 15, 2014 order on that motion.[2] Regardless, the court did rule on both of plaintiff's previous motions to compel

---

[1] Andrea Sloan and the Attorney General's Office represent defendants Austin, Cobian, Destefano, Hutcheson, Lahey, Lavagnino, Lavergne, Shadday, and Swarthout. ECF No. 150. Plaintiff does not specify which of these defendants he seeks to compel discovery from and the court assumes the motion is against all of them.

[2] Plaintiff's opposition to defendants' motion for reconsideration (ECF No. 77) seems to indicate that he received the court's September 15, 2014 order, and his earlier filed motion for extension (ECF No. 69) establishes that, at a minimum, he reviewed the docket entry which clearly states that the motion to compel as to defendant Sandy was denied without prejudice (docket entry for ECF No. 61).

(ECF Nos. 34, 54). ECF No. 61. Plaintiff's first motion to compel was denied as premature as to all defendants because it was filed before defendants' submitted their responses and before their time to respond had expired. Id. at 6. The second motion to compel, though partially granted as to other defendants, was denied as premature as to defendant Sandy because it was served prior to service of her responses and before her time to respond expired. Id. at 8.

Plaintiff also references an order from the district judge (ECF No. 97), and appears to believe that order directed action from defendant Sandy. However, that order clearly only applied to defendants Cruzen, Lavignino, Lavergne, and Cobian. Id.

As noted above, discovery in this matter closed on June 6, 2014, and was re-opened until October 23, 2014, for the purpose of resolving outstanding discovery disputes. Defendant Sandy served her responses to plaintiff's discovery requests on March 31, 2014, and plaintiff would have been in possession of Sandy's responses when this court re-opened discovery and denied his first two motions without prejudice as premature. Id. at 8, 23. If plaintiff sought to pursue a motion to compel discovery as to defendant Sandy, a motion should have been filed by October 23, 2014. The motion against Sandy was filed December 28, 2014, and is untimely by over two months. Plaintiff offers no explanation for this untimeliness and his third motion to compel (ECF No. 101) will be denied.

Plaintiff has also filed a fourth motion to compel alleging that defendants have failed to comply with the court's order to produce (1) all video recordings of inmate Farris taken by Lt. S.W. Brown, (2) all video recordings of plaintiff taken on the night of June 26, 2012 by Lt. S.W. Brown, and (3) all pictures of plaintiff and the jump suit collected on June 26, 2012. ECF No. 153.

With respect to the requested videos, plaintiff's previous motion to compel was denied. ECF No. 61 at 10-12. The court found that in light of defendants' sworn statements that the video of plaintiff from June 26, 2012, had been corrupted and that they have produced the only interview located that was responsive to plaintiff's requests for video/audio tapes of interviews of

/////

/////

3

witnesses,[3] it could not compel further production.  Id.  While defendants were warned that they had an ongoing obligation to supplement in the event additional responsive recordings were discovered, that is not the equivalent of ordering further production.  Without evidence that responsive recordings have been discovered and defendants have failed to provide them, the court is still unable to compel further production.  With respect to the pictures plaintiff seeks to compel, the court did not address any discovery requests related to photographs in the September 15, 2014 order.  ECF No. 61.  The time for bringing new discovery disputes has passed and plaintiff gives no explanation for the untimely request.  For these reasons, plaintiff's fourth motion to compel (ECF No. 153) will be denied.

III.   In Camera Review and Motions for Summary Judgment

On September 15, 2014, the court issued an order in which plaintiff's second motion to compel as to Set One, RFP No. 24 and Set Two, RFP No. 15 was provisionally denied subject to submission of a more detailed privilege log by defendants.[4]  ECF No. 61 at 22-23.  Defendants responded to the order on October 7, 2014, and provided an amended privilege log.  ECF Nos. 73-75.  Upon review of defendants' supplemental briefing and amended privilege log, the court determined that documents had been identified as responsive, but were entitled to non-disclosure.  ECF No. 96.  Defendants were ordered to submit the unredacted documents for in camera review prior to the court's final ruling on disclosure.  Id.

The court has reviewed the unredacted documents, and in doing so it has come to the court's attention that a number of the pages contained therein have been publicly filed in support of defendants' motions for summary judgment.  See e.g., ECF No. 105-7 at 4, 9-10, 12-13, 15-16, 18-19, 21-22.[5]  Though the set of reports as a whole have been asserted to be confidential and subject to non-disclosure, they clearly contain non-confidential documents that are subject to

---

[3] This request would encompass plaintiff's request for any video recording of inmate Farris' interview.

[4] The order was as to defendants Cruzen, Lavignino, Lavergne, and Cobian for Set One, RFP No. 24 and as to defendants Austin, Cobian, Cruzen, Destafano, Hutcheson, Lahey, Lavagnino, Lavergne, Shadday, and Swarthout for Set Two, RFP No. 15.  ECF No. 61 at 22-23.

[5] The court notes that similar pages were filed in support of both of the other motions for summary judgment.

disclosure.[6] It is impossible for the court to make an accurate determination as to disclosure because it appears plaintiff is entitled to disclosure of at least a portion of the documents submitted, and defendants have not identified what portions of the submitted documents are non-confidential or have been previously disclosed to plaintiff.

The court finds disclosure of portions of the submitted documents is appropriate, but cannot make an accurate determination as to the scope of that disclosure without first knowing which portions are non-confidential and what has already been provided to plaintiff. Defendants will therefore be required to submit to the court in camera a Bates numbered version of the following documents:

1. Use of Force Crime/Incident Report Critique Package;
2. Internal Affairs Investigation Report for case no. SOL-SFB-12-06-0159;[7]
3. CDCR Form 989 Confidential Request for Internal Affairs Investigation; and
4. CDCR 3014 – Report of Findings, Inmate Interview

The documents should be accompanied by a statement or chart that identifies by Bates number both which pages are non-confidential and which pages have already been provided to plaintiff.

Because the deadline for filing dispositive motions was not extended to allow for the resolution of this outstanding discovery matter and the court may ultimately order disclosure of additional documents that would be material to plaintiff's opposition to defendants' motions to summary judgment, the motions will be vacated. A deadline for defendants to re-submit their motions will be set once this matter has been resolved.

IV.     Motion to Appoint Counsel

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional

---

[6] The court assumes that the documents filed with defendants' motions for summary judgment are considered non-confidential rather than intended as a sign that defendants have waived privilege.

[7] The privilege Log provided by defendants identified the case number as SOL-SFB-12-06-0158, but the reports all indicate the case number as SOL-SFB-12-06-0159. The number indicated in the privilege log appears to be a typo, but if it was not, defendants are required to provide the report for case no. SOL-SFB-12-06-0158 as well.

circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests counsel on the grounds that he is unable to afford counsel and has been unable to locate counsel to represent him, is limited in his ability to litigate by his pro se status, is inexperienced in the law, and has diagnosed mental health conditions. ECF No. 154 at 1-2. He also argues that counsel would be able to better represent him at trial. Id. at 1.

First, the limitations plaintiff encounters as a pro se prisoner and his inexperience in the law are not exceptional circumstances. These circumstances are common to nearly all pro se prisoner litigants. Next, while plaintiff claims that he has been unable to locate counsel to represent him, he offers no details about any steps he has taken to obtain counsel. As for plaintiff's claim that he is unable to investigate and conduct discovery (id. at 2-3), discovery in this matter has closed. Moreover, the record shows that plaintiff was able to seek discovery in this case and follow those requests up with motions to compel, on which he was partially successful. Plaintiff's motions to compel and his response to defendants' motions for summary judgment have also demonstrated plaintiff's ability to articulate his claims and pursue this litigation, despite any limitations he may experience. Finally, it is not yet clear that this case will proceed to trial. Although defendants' motions for summary judgment will be vacated, they will have an opportunity to resubmit their dispositive motions once the outstanding discovery issues have been resolved. In the event summary judgment is granted, there will be no trial.

For these reasons, plaintiff's request for counsel will be denied without prejudice at this time. Should plaintiff survive summary judgment, he may renew his request.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to conduct additional discovery (ECF No. 95) is denied.

2. Plaintiff's motions to compel (ECF Nos. 101, 153) are denied.

3. Within fourteen days of this order, defendants shall submit to the chambers of the undersigned Bates numbered versions of the documents identified above in Section III for in camera review. The documents shall be accompanied by a statement or chart that identifies by Bates number both which pages are non-confidential and which pages have already been provided to plaintiff.

4. Defendants' motions for summary judgment (ECF Nos. 105, 106, 124) are vacated. A deadline for defendants to re-submit their motions for summary judgment will be set once the pending discovery matter has been resolved.

5. Plaintiff's motion for appointment of counsel (ECF No. 154) is denied without prejudice.

DATED: September 24, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE