UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JOHNSON, | No. 2:12-cv-2922 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| E. SANDY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the court are the documents submitted by defendants for in camera review in compliance with this court's orders.  ECF Nos. 96, 155.

On September 15, 2014, the court issued an order in which plaintiff's second motion to compel as to Set One, RFP No. 24 and Set Two, RFP No. 15 was provisionally denied subject to submission of a more detailed privilege log by defendants.[1]  ECF No. 61 at 22-23.  Defendants responded to the order on October 7, 2014, and provided an amended privilege log.  ECF Nos. 73-75.  Upon review of defendants' supplemental briefing and amended privilege log, the court determined that documents had been identified as responsive, but were entitled to non-disclosure.

---

[1] The order was as to defendants Cruzen, Lavignino, Lavergne, and Cobian for Set One, RFP No. 24 and as to defendants Austin, Cobian, Cruzen, Destafano, Hutcheson, Lahey, Lavagnino, Lavergne, Shadday, and Swarthout for Set Two, RFP No. 15.  ECF No. 61 at 22-23.

1

1  ECF No. 96.  Defendants were ordered to submit the unredacted documents for in camera review
2  prior to the court's final ruling on disclosure.  Id.
3       After reviewing the unredacted documents, it came to the court's attention that a number
4  of the pages contained therein had been publicly filed in support of defendants' motions for
5  summary judgment.  ECF No. 155 at 4.  As a result, defendants were required to submit to the
6  court, in camera, a Bates numbered version of the documents previously submitted for in camera
7  review.  Specifically, those documents consisted of the following:
8      1.  Use of Force Crime/Incident Report Critique Package;
9      2.  Internal Affairs Investigation Report for case no. SOL-SFB-12-06-0159;
10     3.  CDCR Form 989 Confidential Request for Internal Affairs Investigation; and
11     4.  CDCR 3014 – Report of Findings, Inmate Interview.
12 ECF No. 96 at 2; ECF No. 155 at 4-5.  The documents were to be accompanied by a statement or
13 chart that identified by Bates number both which pages are non-confidential and which pages
14 have already been provided to plaintiff.  Id. at 5.  Defendants complied with the order (ECF No.
15 156) and the court has concluded its review.
16      Upon review of the documents submitted by defendants, the court finds that the
17 documents submitted by counsel for defendants Austin, Cobian, Destafano, Hutcheson, Lahey,
18 Lavagnino, Lavergne, Shadday, and Swarthout on December 29, 2014, and by counsel for
19 defendant Cruzen on January 5, 2015, differ from each other and from the documents submitted
20 on October 7, 2015.  This is concerning as all three sets of documents should be identical.[2]
21      Both the December 29, 2014 and January 5, 2015 packets contain three pages related to
22 whether plaintiff would be charged criminally or administratively that are not contained in the

---

[2] When defendants Austin, Cobian, Destafano, Hutcheson, Lahey, Lavagnino, Lavergne, Shadday, Swarthout, and Cruzen were originally ordered to produce the documents for in camera review, counsel for defendant Cruzen responded to the order separately from counsel for the other defendants.  However, the documents submitted should have been identical because defendants were ordered to produce the same set of documents (see ECF No. 96) and neither submission indicated that it was only a partial submission or that production had been divided.  The documents jointly submitted October 7, 2015, should have been identical to the originally submitted documents with the exception of the addition of Bates numbers and the identification chart or statement.

2

1  October 7, 2015 packet.  The December 29, 2014 packet also includes an additional six pages that
2  were not contained in either of the other sets of documents.[3]  These pages appear to be the initial
3  request for an internal affairs investigation and include a list of the allegations to be investigated.
4  The December 29, 2014 packet further differs from the other two packets because it does not
5  contain the documents identified by Bates numbers 26, 27, 34, and 35 in the October 7, 2015
6  packet.  Finally, the January 5, 2015 packet includes what appears to be a copy of a post-it note
7  regarding who needs a response that is not included in either of the other packets.

8        Copies of the additional documents contained in the December 29, 2014 and January 5,
9  2015 packets have been left with the Clerk of the Court.  Counsel for defendants Austin, Cobian,
10 Destafano, Hutcheson, Lahey, Lavagnino, Lavergne, Shadday, and Swarthout and counsel for
11 defendant Cruzen can pick up the documents at the Clerk's Office on the 4th Floor, United States
12 District Courthouse, 501 I Street, Sacramento, California.  Defendants shall provide the court
13 with a Bates numbered[4] copy of the additional documents and a supplemental chart or statement
14 identifying which pages are non-confidential and which pages have already been provided to
15 plaintiff.

16       Defendants are also directed to carefully review the (1) Use of Force Crime/Incident
17 Report Critique Package; (2) Internal Affairs Investigation Report for case no. SOL-SFB-12-06-
18 0159; (3) CDCR Form 989 Confidential Request for Internal Affairs Investigation; and (4) CDCR
19 3014 – Report of Findings, Inmate Interview and insure that they have provided the court with *all*
20 of the documents that make up these items.  If any additional documents are discovered that have
21 not previously been provided to the court in camera, defendants must Bates number them and
22 include them with the documents to be obtained from the Clerk of the Court.  These documents
23 should also be included in the supplemental chart or statement.  Defendant Sandy is not required
24 to take any action, as the motion to compel that this issue stems from was not brought against her.
25 ////

---

[3] The December 29, 2014 packet also included a seventh page that was not in either of the other packets, but it was only a coversheet warning that the documents were confidential and not to be disclosed without approval from the California Department of Corrections and Rehabilitation.
[4] The numbers should continue from where the documents submitted October 7, 2015, ended.

Accordingly, IT IS HEREBY ORDERED that:

1. Within ten days of the filing of this order, defendants Austin, Cobian, Destafano, Hutcheson, Lahey, Lavagnino, Lavergne, Shadday, Swarthout, and Cruzen shall provide the court with a Bates numbered copy of the documents to be obtained from the Clerk of the Court and a supplemental chart or statement identifying which pages are non-confidential and which pages have already been provided to plaintiff.

2. Within ten days of the filing of this order, defendants shall also provide a statement, completed by an appropriate individual, certifying that the (1) Use of Force Crime/Incident Report Critique Package; (2) Internal Affairs Investigation Report for case no. SOL-SFB-12-06-0159; (3) CDCR Form 989 Confidential Request for Internal Affairs Investigation; and (4) CDCR 3014 – Report of Findings, Inmate Interview have been reviewed and that all documents contained therein have been provided to the court for its in camera review.  Any additional documents discovered must be Bates numbered and included in the supplemental chart or statement identifying which pages are non-confidential and which pages have already been provided to plaintiff.

3. Defendant Sandy is not required to take any action.

DATED: December 2, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4