1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSEPH JOHNSON,                        No.  2:12-cv-2922 JAM AC P

12                 Plaintiff,

13        v.                                ORDER

14   E. SANDY, et al.,

15                 Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Currently before the court are the documents submitted by defendants for in

19   camera review in compliance with this court's orders.  ECF Nos. 96, 155, 157.

20          "Federal common law recognizes a qualified privilege for official information." Sanchez

21   v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990) (citing Kerr v. United States Dist.

22   Court For N.D. Cal., 511 F.2d 192, 198 (9th Cir. 1975)).  "To determine whether the information

23   sought is privileged, courts must weigh the potential benefits of disclosure against the potential

24   disadvantages.  If the latter is greater, the privilege bars discovery." Id. at 1033-34.  "The

25   balancing approach of the Ninth Circuit is mirrored in this and other courts' previous

26   determinations that a balancing test is appropriate when the disclosure of law enforcement files in

27   a civil action is at issue." Doubleday v. Ruh, 149 F.R.D. 601, 609 (E.D. Cal. 1993).

28   ////

1

On September 15, 2014, the court issued an order in which plaintiff's second motion to compel as to Set One, RFP No. 24 and Set Two, RFP No. 15 was provisionally denied subject to submission of a more detailed privilege log by defendants.[1]  ECF No. 61 at 22-23.  Defendants responded to the order on October 7, 2014, and provided supplemental briefing and an amended privilege log.  ECF Nos. 73-75.  Upon review of defendants' supplemental briefing and amended privilege log, the court determined that documents had been identified as responsive, but potentially entitled to non-disclosure under the official information privilege.  ECF No. 96.  Defendants were ordered to submit the following unredacted documents for in camera review prior to the court's final ruling on disclosure:

    1.  Use of Force Crime/Incident Report Critique Package;

    2.  Internal Affairs Investigation Report for case no. SOL-SFB-12-06-0159;

    3.  CDCR Form 989 Confidential Request for Internal Affairs Investigation; and

    4.  CDCR 3014 – Report of Findings, Inmate Interview.

Id.  Upon the court's review of the documents, questions were raised regarding the confidentiality and completeness of the documents sent to the court, and defendants were required to provide the court with supplemental information.  ECF Nos. 155, 157.  Defendants have complied with the orders and provided the required supplemental information and the court has concluded its review of the documents.

Relevant to the issue here, the first amended complaint was found to have stated claims for relief against defendants Sandy, Cruzen, Cobian, Lavignino, Lavergne, Austin, Destefano, and Hutcheson for excessive use of force and/or failure to protect and against Lahey and Shadday for deliberate indifference in responding to his injuries from the use of force.  ECF No. 29 at 2; see also ECF No. 61 at 1-5 (summarizing the complaint).  Plaintiff's requests for production Set One, RFP No. 24 and Set Two, RFP No. 15 sought a copy of the unredacted internal affairs investigation of the use of force, including any video or audio tapes of witnesses, and any video

---

[1]  The order was as to defendants Cruzen, Lavignino, Lavergne, and Cobian for Set One, RFP No. 24 and as to defendants Austin, Cobian, Cruzen, Destefano, Hutcheson, Lahey, Lavagnino, Lavergne, Shadday, and Swarthout for Set Two, RFP No. 15.  ECF No. 61 at 22-23.

1    tapes or written reports from two interviews with an inmate witness.  ECF No. 61 at 12-13.

2           In response to the court's orders to produce documents for in camera review, defendants

3    produced fifty-three pages of documents for which they were asserting privilege.  Upon

4    clarification from defendants, it has been determined that thirty-one of the fifty-three pages have

5    already been provided to plaintiff and are not confidential.  Specifically, pages 1-27 consisted of

6    the non-confidential sections of the CDCR 837 Crime/Incident Report Package; page 35 was a

7    CDCR form 22 submitted by plaintiff on August 5, 2012; and pages 43-45 were related to the

8    District Attorney's decision to not prosecute plaintiff for the June 22, 2012 incident.  Because

9    defendants state that the thirty-one pages of non-confidential documents have already been given

10   to plaintiff, and this statement is supported by the inclusion of many of these documents as

11   attachments to defendants' motions for summary judgment, they will not be required to provide

12   plaintiff another copy of the documents.

13          As for the twenty-two pages of undisclosed documents, the court has weighed the

14   potential benefits of disclosure against the potential disadvantages and has determined that the

15   balance tips in favor of disclosure.  The court is sensitive to and appreciates both defendants'

16   need to maintain safety and security and the benefit of promoting accurate and thorough

17   investigations into alleged staff misconduct.  However, these records contain highly relevant

18   information that is directly related to the incident at issue.  The records contain reports of internal

19   inquiries into the incident and the appropriateness of the force used, opinions and determinations

20   as to whether particular exercises of force were or were not appropriate and in accordance with

21   policy, and a summary of an interview with an inmate eyewitness of which plaintiff is already

22   aware.  Moreover, the concerns related to dissemination of the documents can be addressed by the

23   mode of production, which will be set forth below.

24          Defendants shall produce to plaintiff for his possession the portion of Bates numbered

25   page 41 that contains the summary of his interview.  The inmate witness interview portion of the

26   document may be redacted in its entirety.  Plaintiff shall be given an opportunity to review, but

27   not keep in his possession, a copy of Bates numbered pages 28-34, 36-42, and 46-51.  Defendants

28   may redact any personal information and the identifying information of any inmates unrelated to

                                                        3

1  the investigation.  The copy of Bates numbered page 41 that plaintiff is allowed to review, but not

2  keep, shall not be redacted.  Although the court finds that Bates numbered pages 52 and 53[2] are

3  not entitled to the official information privilege, and finds defendants' assertion that they are

4  confidential highly questionable, defendants will not be required to provide copies of these pages

5  because they are not relevant to the issues in this case.

6        Defendants must make the redacted copies of the documents identified above available for

7  plaintiff to review, through the litigation coordinator or other appropriate CDCR staff where

8  plaintiff is housed.  Plaintiff must be permitted to take notes, and the documents must be the

9  Bates numbered versions supplied to the court so that plaintiff can refer to those page numbers

10  when identifying pages he believes to be relevant.  Defendants will be required to notify the court

11  once plaintiff has had an opportunity to review the documents and shall file a copy of the

12  documents viewed by plaintiff under seal at the same time they file the notice.

13  Summary

14        Defendants will be required to give plaintiff a copy of the summary of his interview.

15  They will also be required to give plaintiff a chance to look at Bates numbered pages 28-34, 36-

16  42, and 46-51.  Plaintiff cannot make or keep a copy of these documents, but he can take notes

17  about the pages.  If plaintiff wants the use these documents as evidence in any motions or

18  responses that he files, he just needs to tell the court what page(s) to look at, so he should make

19  sure to write down the page numbers in his notes so that he can use them later.

20        Accordingly, IT IS HEREBY ORDERED that:

21        1.  Within thirty days of service of this order, defendants Austin, Cobian, Destafano,

22

23  ─────────────────
[2]  Page 52 is nothing more than a generic cover page that indicates that documents are

24  confidential and not to be disclosed without prior approval.  It was originally submitted with the

25  set of documents provided by counsel for defendants Austin, Cobian, Destafano, Hutcheson,
    Lahey, Lavagnino, Lavergne, Shadday, and Swarthout on December 29, 2014, and came before

25  what is now identified as Bates numbered page 41.  Page 53 is a note that indicates it was not

26  necessary to provide responses other than to the form 22.  It was originally submitted with the set

27  of documents provided by counsel for defendant Cruzen on January 5, 2015, and followed the
    form 22 submitted by plaintiff on August 5, 2012, that is now identified as Bates numbered page

28  35.

4

1   Hutcheson, Lahey, Lavagnino, Lavergne, Shadday, Swarthout, and Cruzen shall

2           a.  Provide plaintiff with a copy of Bates numbered page 41 that contains the

3   summary of his interview.  The inmate witness interview portion of the document may be

4   redacted in its entirety.

5           b.  Provide plaintiff with a copy of Bates numbered pages 28-34, 36-42, and 46-51

6   to review in the manner set forth above.  Plaintiff shall not be permitted to make or keep copies of

7   these documents, but he shall be permitted to take notes.

8       2.  Defendants Austin, Cobian, Destafano, Hutcheson, Lahey, Lavagnino, Lavergne,

9   Shadday, Swarthout, and Cruzen shall file a notice of compliance within seven days of plaintiff's

10  review of Bates numbered pages 28-34, 36-42, and 46-51 and shall file a copy of the documents

11  under seal at the same time their notice of compliance is filed.

12  DATED: February 8, 2016

13

14                              ALLISON CLAIRE
                                UNITED STATES MAGISTRATE JUDGE

5