1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSEPH JOHNSON,                              No.  2:12-cv-2922 JAM AC P

12                  Plaintiff,

13          v.                                    ORDER

14   E. SANDY, et al.,

15                  Defendant.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

18   42 U.S.C. § 1983.  Currently before the court is plaintiff's request for production of documents

19   and motion to compel.  ECF No. 168.

20   I.      Request for Production and Motion to Compel

21          Discovery in this matter closed on June 6, 2014.  ECF No. 53 at 5.  On September 15,

22   2014, discovery was re-opened for the limited purpose of resolving pending discovery disputes

23   and given a new deadline of October 23, 2014.  ECF No. 61 at 21, 23.  The court has already

24   denied two previous requests from plaintiff to re-open discovery so that he may submit additional

25   requests.  ECF Nos. 72, 155.  The current request to submit discovery requests and motion to

26   compel will also be denied.

27          In his request for production and motion to compel, plaintiff submits four requests for

28   documents.  He argues the information sought was requested within the discovery time limits.

1

1    ECF No. 168.  The court finds, however, that plaintiff's first request is an expansion of Requests

2    for Production, Set One, Number 28 and Set Two, Number 7.  ECF No. 56-4 at 16, 26.  The

3    original requests demonstrate that plaintiff believed that defendants' medical records may be

4    necessary for his pursuit of this case and he has not offered any explanation as to why he could

5    not have sought more comprehensive medical records at that time.

6        The second and third requests are duplicative of Request for Production, Set Two,

7    Number 15 (ECF No. 56-4 at 30), which has already been addressed by this court (ECF No. 155

8    at 3-4).  As has already been stated, defendants have averred that the only audio or video recorded

9    witness interview regarding the use of force against plaintiff was plaintiff's own interview from

10    August 22, 2012, and while defendants are under an ongoing obligation to supplement their

11    responses, the court cannot order them to produce something that does not exist.  ECF No. 61 at

12    11-12; ECF No. 155 at 3-4.  This means that while defendants have an obligation to produce any

13    recordings of inmate Faris's interview that they may subsequently discover, the court cannot

14    compel production in light of the sworn representation that such recordings do not exist.  The

15    court will not address this issue again.

16        Finally, plaintiff's fourth request is for the report the Office of Internal Affairs made in

17    response to Warden Swarthout's request for investigation. While this request seeks

18    supplementation of documents plaintiff was only recently given an opportunity to review, Bates

19    numbered page 40 of those documents clearly states that after reviewing the request, the Office of

20    Internal Affairs denied the request for an investigation, meaning that there is no investigative

21    report.

22        For these reasons, plaintiff's request for production of documents and motion to compel

23    will be denied.

24        II.      <u>Sealed Documents</u>

25        On March 14, 2016, the court granted defendants' motion to file under seal.  ECF

26    No. 163.  It appears that defendants have not yet submitted the documents to the Clerk of the

27    Court for filing.  If they have not already done so, defendants shall submit discovery documents

28    Bates numbered pages 28-34, 36-42, and 46-51 to the Clerk of the Court for filing under seal no

later than March 25, 2016.  The documents shall be submitted to the Clerk of the Court in accordance with the procedures outlined in Local Rule 141(e)(2)(i).

III.   Summary

Plaintiff's request for production and motion to compel is denied because plaintiff has not shown that he could not ask for defendants' medical records during the original discovery period; his requests related to inmate Faris's interview are the same as his previous requests and have already been addressed by the court; and the documents plaintiff was allowed to review show that the warden's request for an investigation was denied.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for production and motion to compel (ECF No. 168) is denied.

2.  If they have not already done so, defendants shall submit discovery documents Bates numbered pages 28-34, 36-42, and 46-51 to the Clerk of the Court for filing under seal no later than March 25, 2016.  The documents shall be submitted to the Clerk of the Court in accordance with the procedures outlined in Local Rule 141(e)(2)(i).

DATED:  March 22, 2016.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3